UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Hillery Rosendall, Tocara Smith, Shameka Haynesworth, Mokeia Hammond, Brittany Johnson, <br><br> Plaintiffs, <br><br> vs. <br><br> Herman Voigt and South Carolina Department of Corrections, <br><br> Defendants. | C/A No. 4:17-cv-00821-DCC-TER <br><br><br> ORDER |

This matter is before the Court on Defendant Herman Voigt's Motion to Dismiss, Partial Motion to Dismiss, and Motion to Strike. ECF No. 17. Plaintiffs filed a Response in Opposition, and Voigt filed a Reply. ECF Nos. 32, 34. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On September 11, 2017, the Magistrate Judge issued a Report recommending that the Motion be granted in part and denied in part. ECF No. 36. Voigt filed objections to the Report. ECF No. 38

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit

the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, neither Voigt nor Plaintiffs object to the portion of the Report recommending that Plaintiffs' claim pursuant to the South Carolina Constitution be dismissed. Upon review of the record, the applicable law, and the Report, the Court finds no clear error and agrees with the Magistrate's recommendation that this claim should be dismissed.

With respect to Voigt's Motion to Strike certain portions of the Amended Complaint as redundant, immaterial, impertinent, or scandalous pursuant to Federal Rule of Civil Procedure 12(f), the Court overrules the objection and adopts the reasoning of the Magistrate. Voigt rehashes the same arguments raised in his Motion and Reply. However, as explained in the Report, the Fourth Circuit Court of Appeals has noted that Rule 12(f) motions are generally viewed with disfavor "because striking a portion of the pleading is a drastic remedy . . . ." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotations and citations omitted). Voigt continues to assert conclusory statements that the language at issue in the Amended Complaint has no relation to Plaintiffs' claims without providing support or reasoning. Moreover, regarding Voigt's concerns that the allegations will poison the jury pool, the Court agrees with the

Magistrate's conclusion that Voigt fails to state a compelling argument because the complaint as a matter of course is not submitted to the jury and the jury pool is questioned about any prior knowledge of the case prior to selection and striking. With respect to Voigt's concern that these allegations are published to the public, Voigt has failed to point to any authority in support of his assertion that there is a possibility that these allegations will make their way to media outlets as a reason to strike portions of pleadings. Accordingly, Voigt's Motion is denied with respect to this claim.

Voigt also objects to the Report's application of the law regarding Voigt's entitlement to immunity under the South Carolina Tort Claims Act ("SCTCA"). Voigt argues that state law causes of action against a state employee can only be brought pursuant to the SCTCA; accordingly, Plaintiffs' request for punitive damages, attorneys' fees, and costs associated with their intentional tort claims should be dismissed. The Court disagrees.

The Fourth Circuit Court of Appeals has held that the SCTCA "is not intended to protect state employees from liability for intentional torts." *Anthony v. Ward*, 336 F. App'x 311, 317 (4th Cir. 2009). Accordingly, the SCTCA is not applicable to Plaintffs' intentional tort claims and does not bar them from seeking punitive damages, attorneys' fees, and costs. *See Yates v. Ozmint*, C/A No. 2:11-cv-02289-CWH, 2015 WL 12910629 (D.S.C. Apr. 23, 2015). While Voigt objects to this holding, he does not provide any support for his objection. Accordingly, Voigt's Motion is denied with respect to this claim.

Therefore, the Court adopts and incorporates the Magistrate's Report. Voigt's Motion to Dismiss, Partial Motion to Dismiss, and Motion to strike [36] is **GRANTED in part** and **DENIED in part** as set out.

IT IS SO ORDERED.

May 7, 2018                                   s/ Donald C. Coggins, Jr.
Spartanburg, South Carolina      United States District Judge